

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TRAVIS ALLAN CRYER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.  CV-05-S-696-NE** |
| | ) | |
| **WERNER ENTERPRISES, INC.,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

----------------------------------------------

| | | |
|---|---|---|
| | ) | |
| **JOSH MOEBES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.  CV-05-S-1539-NE** |
| | ) | |
| **WERNER ENTERPRISES, INC.,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This consolidated action is before the court on the motion for a protective order

filed by defendant Werner Enterprises, Inc., pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure.[1]   Upon consideration of the motion and the briefs of

---

[1] *See* Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order).  Werner
Enterprises is a defendant in both actions.  The motion for protective order is opposed by the plaintiff
in each action.

counsel,[2] the court finds that the motion is due to be denied in part and granted in part.

## FACTUAL BACKGROUND

Defendant Larry Kirby was employed with Werner Enterprises on March 2, 2004.  On that date, he was allegedly working within the line and scope of his employment when, starting from a dead stop on one side of a public roadway, he attempted to complete a U-turn, crossing two lanes of traffic.  Plaintiff Travis Cryer was operating a vehicle on the same road, and plaintiff Josh Moebes was his passenger.  Cryer's vehicle collided into Kirby's tractor-trailer, and Cryer and Moebes suffered numerous injuries as a result.[3]

Kirby communicated with a representative of Werner Enterprises within minutes of the accident, and Kirby advised the representative that Cryer and Moebes had suffered "serious, potentially life threatening injuries."[4]  Werner Enterprises immediately sent an investigator ("Investigator 1") to the scene.  The work of Investigator 1 involved:  (1) "inspecting and photographing the scene"; (2) "inspecting and photographing the vehicles"; and, "contacting Mr. Kirby."[5]

---

[2] *Id.*, doc. no. 22 (defendant's brief) and doc. no. 24 (plaintiffs' opposition).

[3] *See* Civil Action No.  CV-05-S-696-NE, doc. no. 1 (complaint), ¶¶ 4, 6; Civil Action No. CV-05-S-1539-NE, doc. no. 1 (complaint), ¶¶ 9, 10, 11.

[4] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), attached Affidavit of Mark Ackland, at 2.

[5] *Id.*

Werner Enterprises also retained a second investigator ("Investigator 2") on July 23, 2004, more than four months after the date of the collision.  Investigator 2 "obtained statements from two witnesses who had not been contacted by the first investigator.  These witnesses were Kevin Greene and Susan Cauthen."[6]

Werner Enterprises also obtained "photographs of the damage to the tractor and trailer involved in the accident," "documentation concerning the mechanical condition of the trailer," and "general technical specifications regarding the make and model [of the] pickup truck occupied by the plaintiffs."[7]  Werner Enterprises does not explain how or when it acquired this information.

Finally, sometime after March 20, 2004, Werner Enterprises contacted Joey K. Parker, Ph.D., P.E., and asked whether he might "consult with Werner concerning the accident," and "reconstruct the accident."[8]  According to Werner Enterprises, Dr. Parker did agree to serve as a "consulting expert," and he "authored a report in that capacity," dated September 23, 2004.[9]  The parties do not explain what opinions were stated in the report, or what evidence was relied upon by Dr. Parker to complete the report.

---

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), at 8.

Travis Cryer filed his lawsuit against Werner Enterprises and Larry Kirby on April 5, 2005.  Josh Moebes filed suit against the same defendants on July 15, 2005. Sometime after the commencement of litigation, Werner Enterprises again sought the assistance of Dr. Parker, but this time he was retained as an expert witness for trial.[10] Dr. Parker prepared a report in his capacity as a testifying expert witness,[11] *see* Fed. R. Civ. P. 26(a)(2)(B), but the report is not in evidence for purposes of this motion.

On December 15, 2005, Travis Cryer issued a notice to Werner Enterprises, stating his intention to depose the company's corporate representatives.  *See* Fed. R. Civ. P. 30(b)(6).  Travis Cryer also gave notice to Werner Enterprises, stating his intention to depose Dr. Parker.  Werner Enterprises now moves to limit the scope of discovery which plaintiffs may seek, from the corporate representatives as well as Dr. Parker.

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure "gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble Company*, 758 F.2d 1545, 1548 (11th Cir. 1985).  In relevant part, the rule provides that "[u]pon motion by a party or by the person from whom discovery is sought," and

---

[10] *See id.*

[11] *See id.*

"for good cause shown," the district court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters."  Fed. R. Civ. P. 26(c)(4).  "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order."  *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978[12])).

## A.    Accident Investigation Reports — Investigators 1 and 2

As the court understands Werner Enterprises's motion, the company is concerned that plaintiffs will seek to obtain, *through* the company's Rule 30(b)(6) representatives, two categories of information:  (1) the statements of Larry Kirby, Kevin Greene, and Susan Cauthen, obtained by Investigators 1 and 2, as well as the facts personally observed and documented by Investigators 1 and 2; and (2) the mental impressions and personal evaluations formed and documented by Investigators

---

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1 and 2, regarding the cause of the March 2, 2004 accident.  Werner Enterprises represents that all of this information is "contained in documents prepared in anticipation of litigation, *i.e.*, investigation reports."[13]

In *Southern Railway Company v. Lanham*, 403 F.2d 119 (5th Cir. 1969), three individuals were killed when their vehicle collided with a train owned and operated by the Southern Railway Company ("Southern").  *See id.* at 123.  Shortly after the accident, Southern conducted an investigation of the accident through its claim agent, J.B. Woods.  Woods obtained statements from the train crew, which he submitted to Southern.  Woods also formed his personal evaluation of the accident, which he incorporated into a report, and submitted to Southern.  *See id.*

Suit was later brought on behalf of the deceased.  After the commencement of discovery, the plaintiffs sought disclosure of any documents which contained the statements made by the train crew to Woods, as well as the accident report prepared by Woods.  The district court ordered that these materials be produced, but Southern objected.  *See id.* at 123-24.

On appeal, the former Fifth Circuit determined that the statements of the train crew, as well as any facts personally observed by Woods at the scene of the accident, were generally discoverable.  *See id.* at 126-30, 131.  Even so, the Court also

---

[13] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), at 7.

concluded that those portions of Woods' report, which reflected his mental impressions and personal evaluation of the accident, were generally immune from discovery. *See id.* at 131-32. As the Court explained,

> discovery of those portions of the documents reflecting the mental processes and impressions of claim agents or investigators should be conditioned upon a strong showing of 'necessity or justification,' 'hardship or injustice' similar to that required to overcome the qualified immunity from discovery conferred upon the work product of an attorney under *Hickman v. Taylor*.

*Lanham*, 403 F.2d at 131-32. *See also Hickman v. Taylor*, 329 U.S. 495 (1947) (recognizing a qualified immunity from discovery for the work product of a lawyer).

Here, the work of Investigator 1 involved (1) "inspecting and photographing the scene"; (2) "inspecting and photographing the vehicles"; and, "contacting Mr. Kirby."[14] The photographs of the scene and the vehicles are proper objects of discovery. So too, are any statements that were made by Larry Kirby to Investigator 1. However, to the extent that Investigator 1 formed his own mental impressions and personal evaluations of the March 2, 2004 accident, on the basis of the information that he gathered during his investigation, the corporate representatives of Werner Enterprise may not be deposed on those matters. Plaintiff Travis Cryer has made no attempt to show "necessity or justification," or "hardship or injustice," to warrant the

---

[14] Civil Action No. CV-05-S-696-NE, doc. no. 22 (motion for protective order), attached Affidavit of Mark Ackland, at 2.

disclosure of the opinions, theories, or recommendations of Investigator 1.

With regard to Investigator 2, he "obtained statements from two witnesses who had not been contacted by the first investigator.  These witnesses were Kevin Greene and Susan Cauthen."[15]  The statements made by Greene and Cauthen to Investigator 2 are proper objects of discovery.  However, to the extent that Investigator 2 formulated mental impressions or personal evaluations regarding the March 2, 2004 accident, the corporate representatives of Werner Enterprise may not be deposed on those matters.  Plaintiff Travis Cryer has made no attempt to show "necessity or justification," or "hardship or injustice," to warrant the disclosure of the opinions, theories, or recommendations of Investigator 2.

Finally, Werner Enterprises "obtained photographs of the damage to the tractor and trailer involved in the accident," "obtained documentation concerning the mechanical condition of the trailer," and "obtained general technical specifications regarding the make and model [of the] pickup truck occupied by the plaintiffs."[16]  All of these materials are proper objects of discovery, and must be disclosed.

**B.    Joey Parker, Ph.D, P.E.**

Dr. Parker was initially retained by Werner Enterprises in *anticipation* of

---

[15] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), attached Affidavit of Mark Ackland, at 2.

[16] *Id.* at 3.

litigation.  He was asked to "consult with Werner concerning the accident," and "reconstruct the accident."[17]  According to Werner Enterprises, Parker did agree to serve as a "consulting expert," and he authored a report in that capacity, dated September 23, 2004.[18]

Travis Cryer subsequently filed his lawsuit against Werner Enterprises and Larry Kirby on April 5, 2005, and Josh Moebes followed suit on July 15, 2005. Afterward, Werner Enterprises again sought the services of Dr. Parker, but this time, he was retained as an expert witness for trial.

### 1.    Parker's status prior to litigation

As a preliminary matter, the court observes that the status of Dr. Parker, prior to the commencement of litigation, may potentially be classified in one of two ways. In relevant part, Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure identifies an "expert" who has been retained "in anticipation of litigation," but nevertheless, is "not expected to be called as a witness at trial."  The facts and opinions held by a non-testifying expert are generally immune from discovery, absent a showing of exceptional circumstances.  *See* Fed. R. Civ. P. 26(b)(4)(B); *Braun v. Lorillard Inc.*, 84 F.3d 230, 236 (7th Cir. 1996) ("Rule 26(b)(4)(B) of the Federal Rules of Civil

---

[17] *Id.*

[18] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), at 8.

Procedure forbids the judge to order disclosure in pretrial discovery of the facts found

or opinions formulated by an opponent's nontestifying experts except . . . 'upon a

showing of exceptional circumstances . . . .'"").  *See also Hoover v. United States*

*Department of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980) ("A party

seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden.").

Dr. Parker's role also might be classified as that of a "consultant." *See Western*

*Resources, Inc. v. Union Pacific Railroad Company*, 2002 WL 181494, at *8 (D. Kan.

Jan. 31, 2002).  If that were the appropriate classification, the work-product doctrine,

codified under Rule 26(b)(3) of the Federal Rules of Civil Procedure, may apply.  *See*

*id.*; *see also Messier v. Southbury Training School*, 1998 WL 422858, at *2 (D. Conn.

June 29, 1998) (stating that if a person is retained as a "consultant," the work-product

doctrine may be invoked to protect the work completed by the person in her

"consultative capacity").  In relevant part, Rule 26(b)(3) states that a party may

discover materials prepared in anticipation of litigation, by an opposing party's

consultant, "only upon a showing that the party seeking discovery has substantial

need of the materials in the preparation of the party's case and that the party is unable

without undue hardship to obtain the substantial equivalent of the materials by other

means."  Fed. R. Civ. P. 26(b)(3).

Here, it is undisputed that Dr. Parker's original role was that of either a non-

testifying expert or a consultant.  It also is undisputed that Dr. Parker's report, authored by him in anticipation of litigation, was initially protected under either Rule 26(b)(4)(B) or Rule 26(b)(3).  Plaintiffs appear to concede that, were these the only developments, Dr. Parker's original report would be immune from discovery.

Even so, Dr. Parker's role evolved from that of a consultant or non-testifying expert, to that of a testifying expert witness.  That is the critical fact in this case.

### 2.     Parker's status as a testifying expert witness

Unlike the rules applicable to consultants and non-testifying experts, Rule 26(a)(2)(B) allows for broad discovery of the facts known, and the opinions held, by an expert witness who may be called to testify at trial.  Generally, when a party discloses the identity of a testifying expert witness, the disclosure must be accompanied by a report, which *shall* include, among other things, "the data or other information *considered* by the witness in forming the opinions."  Fed. R. Civ. P. 26(a)(2)(B). *See also, e.g., Messier*, 1998 WL 422858, at *1 ("The 1993 amendments to Fed. R. Civ. P. 26(a)(2)(B) contemplate that all materials 'considered' by a testifying expert witness in forming her opinions are fully discoverable by the adverse party, notwithstanding the work product doctrine.").  A party may depose the testifying expert witness after disclosure of the expert's report.  *See* Fed. R. Civ. P. 26(b)(4)(A).

In *Western Resources*, the district court was confronted with a factual situation

similar to the one presented here.   The plaintiff in that case, a power company,

retained an individual named Thomas Crowley as a consulting expert in anticipation

of litigation. *See Western Resources*, 2002 WL 181494, at *1-2.  Once a lawsuit was

filed, Crowley's role evolved into that of an expert who would be expected to testify

at trial. *See id.*  During the ensuing discovery, the plaintiff argued that the work done

by Crowley, in his former capacity as a consulting expert, was protected by either the

rule applicable to non-testifying experts (Fed. R. Civ. P. 26(b)(4)(B)), or the work

product doctrine (Fed. R. Civ. P. 26(b)(3)).  The district court disagreed, reasoning

as follows:

> In [*Johnson v.*] *Gmeinder*, [191 F.R.D. 638 (D. Kan. 2000)], this
> Court determined that an expert is deemed to have "considered"
> materials for purposes of Rule 26(a)(2)(B) if such expert "has read or
> reviewed the privileged materials before or in connection with
> formulating his or her opinion." *Id.*  This is so even if the testifying
> expert avers under oath that he did not actually consider such materials
> in formulating his opinion. *See United States v. City of Torrance*, 163
> F.R.D. 590, 593 (C.D. Cal.1995) (holding that, where expert has
> acquired information relevant to his opinion, defendants should not be
> bound by his statement that he did not consider it); *accord*, *County of
> Suffolk*, 122 F.R.D. 120, 123 (E.D.N.Y. 1988). In *Gmeinder*, this Court
> concluded waiver occurs even if the privileged documents are attorney
> opinion work product. *Id.* at 646-47.
>
> Applying the rule of law set forth in *Gmeinder* to the facts
> presented here, the Court necessarily must find Crowley did in fact
> "consider" materials authored or received by him from 1990 to

September 1999 in his capacity as [the plaintiff's] consultant and/or [the plaintiff's] non-testifying expert in anticipation of litigation[,] in formulating his opinion as a testifying expert in this lawsuit.   Under *Gmeinder*, then, it appears [the plaintiff] has waived its right to invoke the attorney-client privilege, work product protection and the Rule 26(b)(4)(B) "privilege" for those materials.

*Western Resources*, 2002 WL 181494, at *9-10 (some parenthetical notes omitted).

This court comes to a similar conclusion in this case.  Dr. Parker authored and submitted an accident reconstruction report to Werner Enterprises in anticipation of litigation.   After the commencement of suit, Parker was retained by Werner Enterprises as a testifying expert, and he authored a second report *regarding the same accident.*   The court must assume that, in crafting the second report, Parker "considered" the data and information contained in his original report.   Certainly, Werner Enterprises has failed to submit *any* evidence indicating that the contents of Dr. Parker's first and second reports were unrelated.  *See Messier*, 1998 WL 422858, at * 2 (stating that if an expert is retained as both a "consultant" and a testifying expert witness, "the work-product doctrine may be invoked to protect work completed by the expert in her consultative capacity *as long as there exists a clear distinction between the two roles*," and "[*a*]*ny ambiguity* about which function was served by the expert when creating a document *must be resolved in favor of discovery.*") (emphasis supplied).  *Cf. also Synthes Spine Company v. Walden*, 232 F.R.D. 460, 463 (E.D.

Penn. 2005) (observing that the "overwhelming majority of courts addressing [the] issue have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product doctrine").  The original report authored by Dr. Parker must be disclosed.  This aspect of Werner Enterprise's motion for protective order will be denied.

## C.     Driver's Handbook

On December 15, 2005, plaintiff Travis Cryer issued a notice to Werner Enterprises, stating his intention to depose the company's corporate representatives. Plaintiff Cryer specified that one area of inquiry would be Werner Enterprises's "drivers handbook as it applied to Larry Kirby and other drivers of Werner Enterprises, Inc."[19]  Werner Enterprises objects to this area of discovery on the basis that it is "irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome."[20]  This aspect of the motion for protective order will be denied.

### CONCLUSION

---

[19] Civil Action No.  CV-05-S-696-NE, doc. no. 22 (motion for protective order), at 2.
[20] *Id.* at 3.

In accordance with the foregoing, the motion for a protective order filed by Werner Enterprises will be granted in part and denied in part.  An appropriate order will be entered.

DONE this 24th day of February, 2006.

_____
United States District Judge